UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
BIOREFERENCE HEALTH, LLC,                                        :
                                                                 :
                 Plaintiff,                                   :
                                                                 :   Case No.
   - against -                                                  :
                                                                 :   **COMPLAINT**
VESTRACARE INC.,                                                 :
                                                                 :
                 Defendant.                                   :
                                                                 :
-----------------------------------------------------------------x

        Plaintiff BioReference Health, LLC ("BioReference"), for its Complaint against defendant VestraCare Inc. ("Client"), alleges as follows:

## NATURE OF THE ACTION

        1.    In this action, BioReference seeks to collect from Client fees in the total amount of $924,695.95 for COVID-19 tests BioReference performed pursuant to a binding contract.  There is no dispute that BioReference rendered these services.  Nor is there any dispute that Client owes BioReference the amounts in question.  Client simply refuses to pay.

        2.    This dispute is governed by the Laboratory Services Agreement for COVID-19 RT-PCR and Serology Antibody Testing, dated on or about May 13, 2020 (the "Agreement"), entered into by Client and BioReference during a bleak time in New York's fight against COVID-19.  Client and BioReference entered into the Agreement following a government order mandating that all assisted living facilities test their employees twice a week.

        3.    BioReference has upheld its end of the bargain and has provided the requested testing for Client.  In response, however, Client has refused to pay BioReference what it is owed.

3701598.1

4. Because Client refuses to fulfill its payment obligations, BioReference had no choice but to bring the instant action.

## THE PARTIES

5. BioReference is a limited liability company organized under the laws of New Jersey, with its principal place of business at 481 Edward H. Ross Dr., Elmwood Park, New Jersey 07407-3128. BioReference is a clinical testing laboratory offering testing, information and related services to physician offices, clinics, hospitals, nursing homes, employers and governmental units. BioReference has supported New York State by providing testing for the first public drive-through testing collection facility set up on the East Coast, a model which was then replicated at dozens of other locations throughout the state. BioReference, in partnership with the State of New York, also initially offered 5,000 COVID-19 swab tests a day at additional satellite testing sites and has since increased the daily capacity significantly to address emerging needs and demand. The sole member of BioReference is GeneDx Holding 1, Inc., which is incorporated under the laws of the State of Delaware and which has its principal place of business in Miami, Florida.

6. Upon information and belief based on public filings with the New York Secretary of State, Division of Corporations, Client is a New York corporation with its principal place of business at 10 E. Merrick Road, Suite 305, Valley Stream, NY 11580.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8. This Court has personal jurisdiction over Client pursuant to CPLR 301 because its principal place of business is in New York.

9. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because, *inter alia*, a substantial part of the events or omissions giving rise to the claims in this action occurred in this District and Client resides in this District.

## FACTUAL ALLEGATIONS

### Client Contracts with BioReference to Provide COVID-19 Testing

10. On May 10, 2020, amid the height of the unprecedented COVID epidemic in New York, then-Governor Andrew Cuomo ordered "nursing homes and all adult care facilities . . . to test or make arrangements for the testing of all personnel, including all employees, contract staff, medical staff, operators and administrators, for COVID-19, twice per week" (the "Executive Order"). The penalty for failing to comply with the Executive Order included steep fines, and in some cases, the suspension or revocation of a facility's operating license.

11. BioReference is a provider of comprehensive testing services. Many nursing homes and laboratories contracted with BioReference to perform crucial COVID-19 testing to ensure the health and safety of nursing home residents—one of the most vulnerable populations during the pandemic. Client, a skilled nursing care facility, sought BioReference's crucial services.

12. On or around May 13, 2020, Client and BioReference[1] entered into the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit A. Pursuant to the Agreement, BioReference agreed to "perform, upon request by Client and to the extent within its capabilities, COVID-19 Tests for Tested Persons." *See* Ex. A § 1.1.

---

[1] The Agreement was executed by BioReference Laboratories, Inc., which is the predecessor-in-interest to plaintiff BioReference Health, LLC. For ease of reference, the term "BioReference" is used throughout this Complaint.

3701598.1

13. The Agreement provided that "Laboratory shall bill for COVID-19 Tests performed pursuant to this Agreement in one of two manners, as directed by Client on each testing requisition order form, and as appropriate: (i) bill the Tested Person or the Tested Person's third party payer, as set forth in <u>Section 3.2</u> below; or (ii) bill Client, as set forth in <u>Section 3.3</u> below." *See id.* § 3.1. Section 3.2 of the Agreement provided that:

> "Laboratory shall bill the Tested Person or the Tested Person's third-party payer when so directed by Client on the testing requisition order form …. Client shall provide Laboratory with all patient information necessary for Laboratory to bill the Tested Person or the Tested Person's third-party payer. For Tested Persons whose COVID-19 Tests may qualify for federal reimbursement, Client shall provide Laboratory wi[th] all demographic information required for such federal reimbursement. In the event Client does not provide this information to Laboratory with the specimen, Laboratory shall bill Client and Client shall pay Laboratory for such COVID-19 Tests pursuant to Section 3.3."

14. Section 3.3, in turn, provided that "Laboratory agrees to charge, and Client agrees to pay, Sixty-Five Dollars ($65.00) for each specimen submitted for RT-PCR Tests and Forty Dollars ($40.00) for each specimen submitted for Serology Antibody Tests: (i) for Tested Persons who are associated with Client's employer accounts; (ii) who are registered as hospital or skilled nursing patients and (iii) where Client designates on the testing requisition order form that Laboratory should bill Client."

15. BioReference agreed to submit a written invoice to Client in connection with COVID-19 Tests rendered under Section 3.3, and Client agreed, within ten days of receipt of each invoice, to pay BioReference for the undisputed amount of each invoice. Ex. A § 3.3.

16. The Agreement provides that "[t]he laws of the State of New Jersey shall govern the terms of this Agreement." *See id.* § 5.11.

4

3701598.1

**BioReference Performs Pursuant to the Agreement**

17. Beginning in early 2020, Client began sending BioReference specimens for testing, and BioReference performed the requested testing on the specimens and provided the test results to Client.

18. Client failed to provide BioReference with sufficient demographic information that would allow BioReference to determine whether tests administered to a patient qualified for federal reimbursement (meaning the federal government could be billed, provided that the necessary information was provided). Client further failed to provide information necessary to bill a patient's third-party payer. Accordingly, pursuant to Sections 3.2 and 3.3 of the Agreement, Client is responsible for paying for the testing performed under the Agreement.

**Client Breached the Agreement by Failing to Pay Amounts Owed to BioReference**

19. As detailed in the schedule appended hereto as Exhibit B, BioReference sent invoices to Client between approximately May 2020 and August 2022 for tests performed pursuant to the Agreement.

20. BioReference billed Client $924,695.95 pursuant to the Agreement. Client has failed to pay any of this balance.

21. BioReference has contacted Client multiple times concerning the outstanding payments, but Client has failed to pay.

**FIRST CLAIM FOR RELIEF**
**Breach of the Agreement**

22. BioReference repeats and re-alleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23. BioReference and Client entered into the Agreement which is a binding and valid contract.

24. BioReference performed its obligations under the Agreement by performing the COVID-19 tests.

25. Client failed to provide BioReference with information necessary to bill any third-party payer for the COVID-19 tests.

26. Client is therefore obligated pursuant to the Agreement to make the payments called for in the invoices issued by BioReference.

27. Client has failed to make payment to BioReference, in breach of the Agreement, causing BioReference injury.

28. By reason of the foregoing, BioReference is entitled to a judgment awarding it damages in an amount to be determined at trial, but not less than $924,695.95, plus pre- and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Account Stated

29. BioReference repeats and re-alleges the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30. BioReference sent invoices to Client between approximately May 2020 and August 2022 that together sought payment of $924,695.95 for COVID-19 tests that BioReference performed. The invoices were accepted as correct because Client did not dispute that it owed BioReference $924,695.95.

31. Client promised to pay BioReference through the Agreement.

32. By reason of the foregoing, BioReference is entitled to a judgment awarding it damages in an amount to be determined at trial, but not less than $924,695.95, plus pre- and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BioReference Health, LLC prays that judgment be awarded in its favor and against Defendant VestraCare Inc., as follows:

(a) A judgment against VestraCare Inc., for damages in an amount to be determined at trial, but in any event no less than $924,695.95, plus pre- and post-judgment interest;

(b) Attorneys' fees and costs of suit; and

(c) Such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
December 9, 2022

                                             FRIEDMAN KAPLAN SEILER &
                                                 ADELMAN LLP

                                              /s/ Priyanka Wityk
                                             Eric Corngold (ecorngold@fklaw.com)
                                             Priyanka Wityk (pwityk@fklaw.com)
                                             Jacob Lewis (jlewis@fklaw.com)
                                             7 Times Square
                                             New York, NY 10036-6516
                                             (212) 833-1100

                                             *Attorneys for Plaintiff BioReference Health, LLC*

3701598.1